# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br>Frank Garcia Jr.<br>Kathy Garcia<br><br>Debtor(s). | Chapter 13<br><br>Case No. 18-29161<br><br>Jack B. Schmetterer |

## AGREED DEFAULT ORDER

1. THIS CAUSE coming to be heard upon the Motion for Relief from Automatic Stay filed on behalf of U.S. Bank Trust National Association as Trustee of Tiki Series III Trust ("Movant"), a secured creditor or servicing agent for a secured creditor holding a lien on the Debtors' property commonly known as 226 Whitewood Dr., Streamwood, IL 60107 ("Property"), all parties having notice, the Court having jurisdiction and being fully advised:

IT IS HEREBY ORDERED:

1. The current post-petition arrearage through May 1, 2019 is $1551.10.

2. In addition to making the regular post-petition payments timely beginning on June 1, 2019 the Debtors shall cure the remaining arrears of $1,551.10, by making the following monthly payments directly to BSI Financial Services:

$258.50 on or before June 15, 2019

$258.50 on or before July 15, 2019

$258.50 on or before August 15, 2019

$258.50 on or before September 15, 2019

$258.50 on or before October 15, 2019

$258.50 on or before November 15, 2019

3. If the Debtor's fail to timely pay two or more (i) regular monthly payments increased or decreased as necessary to changes in variable interest rates, escrow requirements, collections costs or similar matters; (ii) plan payments to the Chapter 13 trustee; (iii) payments for property insurance and/or general real estate taxes; or (iv) Debtors fail to cure the arrears pursuant to paragraph 2 above, then the Debtors shall be deemed to be in default. Upon Movant's notice of the default to the Debtors and the Debtors' attorneys, the Debtors shall have fourteen (14) days from the date the Notice of Default is filed, to cure the default. If the default is not cure within fourteen (14) days from the date the Notice of Default is filed, the automatic stay shall be terminated as to the Property upon Movant filing a Notice of Lifting with the Court. The filing of a Notice of Lifting shall have the legal effect of modifying the automatic stay without further order of the Court.

4. The Debtors may avail themselves of the cure provision set forth in paragraph 2 or 3 above a total of two times. In the event of a third (3rd) default, Movant may file a Notice of Lifting with the Court, and the automatic stay will automatically modify without further Order as Debtors will no longer have the right to cure thereunder.

5. The proof of Claim heretofore submitted by Movant shall stand unaffected and payments made thereunder shall be paid to Movant unless a Notice of Default and Notice of Lifting are presented to the Trustee and filed with the Bankruptcy Court.

6. If the Debtors' Bankruptcy case is dismissed or converted to another Chapter, this agreed repayment order shall be void.

In the event that Eric Feldman & Associates should have to send out any Notices of Default, the Debtors shall pay an extra $100.00 per notice, as additional attorneys' fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period as set-forth in the Notice.

AGREED:

US Bank Trust National Association,

As Trustee of Tiki Series III Trust

/s/ Eric Feldman

Eric Feldman

One of its attorneys

DATED: **MAY 22 2019**

ERIC FELDMAN & ASSOCIATES

123 W Madison St., #1650

Chicago, IL 60602

312.344.3529

Frank & Kathy Garcia

David Cutler

One of their attorneys

ENTER:

Bankruptcy Judge